UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHANDRA LASONDE,

              Plaintiff,

  -against-

NORMAN SEABROOK, *et al.*,

              Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-19-14

12 Civ. 8370 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    This case arises out of Chandra LaSonde's ("LaSonde") grand jury indictment and prosecution by the United States Attorney's Office for the Southern District of New York ("U.S.A.O.") for mail fraud in connection with a false insurance claim submitted by Allen Blake ("Blake"). LaSonde and Blake are former corrections officers and Executive Board members of Correction Officers' Benevolent Association ("COBA"). In May 2008, Blake filed for divorce from his then-wife and the divorce was finalized on July 7, 2009. On September 29, 2009, Blake's former wife passed away. Blake then submitted an application to the Prudential Life Insurance Company of America for a $10,000 COBA insurance benefit based on her death and listed himself as the deceased's husband. A cover letter accompanying the application was signed by LaSonde, which described Blake as married to the deceased. COBA's Board reported Blake and LaSonde's conduct to the Department of Investigation for the City of New York ("DOI"), which referred the matter to the U.S.A.O. for prosecution. On June 15, 2010, a jury convicted Blake and acquitted LaSonde.

    LaSonde now claims that the COBA Board members conspired with the DOI and U.S.A.O. (collectively, "Defendants") to fabricate the mail fraud claims because LaSonde posed

1

a threat to COBA's Board. The Second Amended Complaint alleges the following five claims: (1) malicious prosecution, (2) false arrest, (3) malicious abuse of criminal process, (4) negligent infliction of emotional distress and intentional infliction of emotional distress, and (5) violation of LaSonde's Fifth and Fourteenth Amendment's right not to be deprived of liberty. LaSonde's claims are based on the theory that Blake was entitled to the insurance money, and that Defendants knew this but still chose to prosecute her and Blake. According to LaSonde, this entitlement "is everything, because it is the sole pillar upon which the underlying criminal allegations and case were premised." *See* Pl.'s Opp'n to State Def.'s Mot., ECF No. 70, at 4.

On March 17, 2014, the Second Circuit affirmed Blake's conviction. *See United States v. Blake*, No. 13-1735-cr, 2014 WL 998191, at *1 (2d Cir. Mar. 17, 2014). The Second Circuit rejected Blake's argument that the evidence was insufficient to prove guilt beyond a reasonable doubt because he was entitled to the life insurance proceeds. *See id*. Reviewing this legal theory *de novo*, the Second Circuit concluded that "Blake's reliance on 'entitlement' to challenge sufficiency is foreclosed by precedent holding that a claim of right to funds obtained through a false statement is not a defense negating fraudulent intent." *Id*. "[R]ather than employing legal channels to challenge the anticipated denial," "Blake chose intentionally to deceive Prudential by submitting knowingly false information" and therefore violate the law. *See id.*

Since Blake's entitlement is irrelevant as to whether he committed mail fraud, *see id.*, LaSonde could not have been wrongfully prosecuted based on this theory. Accordingly, LaSonde's allegations fail "'to raise a right to relief above the speculative level,'" *see ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and therefore cannot survive Defendants' motions to dismiss.

Accordingly, Defendants' motions to dismiss the complaint are GRANTED with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The Clerk of Court is directed to enter judgment and to close this case.

Dated: New York, New York
May 19, 2014

SO ORDERED

*Paul Crotty*
PAUL A. CROTTY
United States District Judge